UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA CALVENTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:20-cv-03366 |
| v. | ) |
| | ) Judge John Robert Blakey |
| SALMA GHANEM and DEPAUL UNIVERSITY, | ) Magistrate Judge Heather K. McShain |
| | ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

**1.** **Type of Initial Status Report (e.g., Joint or Individual):**

The Parties file this Joint Status Report.

**2.** **Service of Process:**

Defendants have waived service, making their responsive pleading due August 10, 2020.

**3.** **Nature of the Case:**

    a.    Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

    Plaintiff is represented by:

        Fitzgerald T. Bramwell (lead trial attorney and member of the Trial Bar for the United States District Court for the Northern District of Illinois)
        Law Offices of Fitzgerald Bramwell
        225 West Washington Street, Ste. 2200
        Chicago, IL 60606
        Telephone:    312.924.2884
        bramwell@fitzgeraldbramwell.com

    Defendants are represented by:

        Anneliese Wermuth (lead trial attorney and member of the Trial Bar for the United States District Court for the Northern District of Illinois)
        Nandini K. Sane
        Cozen O'Connor

        123 N. Wacker Drive, Ste. 1800
        Chicago, IL 60606
        Telephone:    312/474-7876
        Email: awermuth@cozen.com
        Email: nsane@cozen.com

b.    State the basis for federal jurisdiction:

    This Court has federal question jurisdiction over the statutory violations alleged are based on 28 U.S.C. §1331 for Counts I–IV, and 28 U.S.C. §1367 for Count V.

c.    Describe the nature of the claims asserted in the complaint and any counterclaims and/or affirmative defenses:

    Lisa Calvente ("Dr. Calvente") brings this employment discrimination and retaliation action under Title VII and 42 U.S.C. §1981, asserting that she was denied tenure and terminated from her employment as faculty within the College of Communication at DePaul University (i) based on her status as an American of African, Latinx and Asian descent, and (ii) in retaliation for complaints about racial discrimination and racial harassment within the College of Communication. She also contends that the denial of tenure resulted in a breach of alleged contractual rights under the Faculty Handbook. Her breach of contract and Title VII claims are asserted against DePaul University. Her Section 1981 claims are asserted against DePaul University and Dr. Ghanem, Interim Provost at DePaul University (collectively "Defendants"). Defendants deny that they violated any law or committed any wrongdoing toward Dr. Calvente with regard to her employment or the end of her employment.

d.    State the major legal and factual issues anticipated in this case:

- Whether all of Dr. Calvente's claims are timely;

- Whether Dr. Calvente exhausted all of her administrative remedies for the claims that require exhaustion;

- Whether Dr. Calvente has stated a claim for relief under Section 1981;

- Whether Plaintiff's Title VII and Section 1981 claims are barred by the ministerial exemption;

- Whether Dr. Calvente's race was the "but for" cause, or a motivating factor, for any adverse action taken against her by the University or Dr. Ghanem;

- Whether Dr. Calvente's complaint(s) of discrimination were the "but for" cause for any adverse action taken against her by the University or Dr. Ghanem;

2

- Whether Dr. Calvente met Defendants' legitimate expectations for the award of tenure;

- Whether Defendants had legitimate, non–discriminatory and non–pretextual reasons for denying Dr. Calvente tenure and ending her employment;

- Whether a recommendation for termination, which is rejected, is an actionable adverse action under Title VII or Section 1981;

- Whether Defendants acted willfully and maliciously with respect to Dr. Calvente;

- Whether DePaul breached any contract with Dr. Calvente;

- The amount of damages Dr. Calvente claims to have suffered; and

- Whether and the extent to which Dr. Calvente has mitigated any damages suffered as a result of the events alleged in the Complaint.

e. Describe the type and calculation of damages and any other relief sought by Plaintiff:

Lost wages: $2,730,575 (including $18,000 in lost wages from the failure to promote Plaintiff during academic year 2019/2020 and $2,730,575 in lost wages based on an anticipated 25 year career at DePaul at a salary of $85,000 per year with 2% cost–of–living increases during that time), or any greater amount as awarded by the jury

Compensatory damages for emotional distress: $500,000.

Punitive damages: In an amount equivalent to seven times actual damages, or any greater amount awarded by the jury.

Attorney's fees: Based on the Lodestar calculation at $500/hr. or any greater amount as determined by the then–prevailing rate in this district.

Costs: Based on the actual costs incurred by Dr. Calvente.

Reinstatement to the faculty of the College of Communication and the award of tenure.

Prejudgment interest using the risk–free rate or any greater rate authorized by law.

Front pay: In the event reinstatement is impractical, front pay in the amount equal to Dr. Calvente's expected wages over the lifetime of her expected employment at DePaul.

4. **Pending Motions and Case Plan**:

a.  No motions are pending.

b.  Case Management Plan Proposal:

   1. General Type of Discovery Needed: The parties anticipate serving written discovery requests and taking oral depositions of experts, witnesses, and persons with knowledge of relevant facts. Discovery will also include some electronically stored information and the parties will work cooperatively to appropriately identify and work through any disputed issues.

   2. The parties will file Rule 26(a)(1) disclosures on or before August 31, 2020.

   3. The parties will issue all written discovery on or before March 3, 2021.

   4. The parties anticipate requesting the Court enter its model confidentiality order, with red-lined amendments to conform to the issues in this case.

   5. The parties may need HIPAA waivers.

   6. The parties propose fact discovery deadline of April 2, 2021.

   7. Whether there will be expert discovery, and, if so, an expert discovery completion date.

      i. The parties are currently evaluating the need for expert discovery, and Dr. Calvente anticipates engaging an expert to opine on the similarities between her file and the files of the faculty in her college who did not complain about discrimination and who

4

       received tenure. The parties will disclose any opening experts and provide opening expert reports by March 3, 2021. Any rebuttal experts and reports will be disclosed by April 16, 2021. All expert depositions will be completed by June 4, 2021. Given the description of the expert opinion Dr. Calvente intends to disclose, Defendants expect Daubert briefing.

  8. The parties propose a dispositive motion deadline of July 18, 2021.

  9. The parties propose that trial be set 60 days after ruling on dispositive motions.

 c. A jury trial has been requested. The parties anticipate a 7-10-day trial.

**5.** **Magistrate Judge**

The parties have not unanimously consented to proceed before a Magistrate Judge.

**6**. **Settlement**

 a. The parties engaged in mediation with the EEOC and were unable to reach agreement. The parties believe that additional fact discovery may be necessary before settlement discussions will be fruitful.

 b. The parties do not request a settlement conference at this time.

By: */s/ Fitzgerald T. Bramwell*      By: */s/ Anneliese Wermuth*
 Attorney for Plaintiff           Attorney for Defendants

 Fitzgerald T. Bramwell        Anneliese Wermuth (#6270970)
 Law Offices of Fitzgerald Bramwell   Nandini K. Sane
 225 West Washington Street, Suite 2200  Cozen O'Connor
 Chicago, IL 60606         123 N. Wacker Drive, Ste. 1800
 312.924.2884           Chicago, IL 60606
 bramwell@fitzgeraldbramwell.com   Telephone: 312/474-7876
                 Email: awermuth@cozen.com
                 Email: nsane@cozen.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 31, 2020, she electronically filed the foregoing **Joint Initial Status Report** with the Clerk of the United States District Court for the Northern District of Illinois using the ECF system, which will send notification of such filing to the following counsel of record:

>Fitzgerald T. Bramwell
>Law Offices of Fitzgerald Bramwell
>225 West Washington Street, Ste. 2200
>Chicago, IL 60606
>bramwell@fitzgeraldbramwell.com

>s/ *Anneliese Wermuth*
>Anneliese Wermuth