UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA CALVENTE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: 1:20-cv-03366 |
| v. ) | |
| ) | Judge John Robert Blakey |
| SALMA GHANEM and DEPAUL ) | |
| UNIVERSITY, ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT**

Defendants, Salma Ghanem ("Dr. Ghanem") and DePaul University ("DePaul" or "University"), by their attorneys, Cozen O'Connor, hereby moves for summary judgment on all claims raised by Plaintiff Lisa Calvente ("Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. In support of their motion, the Defendants submit their Statement of Undisputed Material Facts and Memorandum of Law and respectfully state as follows:

1. Plaintiff is a former tenure-track Assistant Professor in DePaul's College of Communication ("College"), who filed this lawsuit challenging her denial of tenure and termination of employment. Plaintiff alleges claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII") against DePaul; and 42 U.S.C. §1981 ("Section 1981") against DePaul and Dr. Ghanem; and a claim of breach of contract against DePaul.

2. According to her own testimony, Plaintiff has no evidence that would permit a reasonable factfinder to conclude that Plaintiff was denied tenure because of her race or in

retaliation for her complaints of discrimination, and has no evidence that would DePaul breached any contract to her.

3. The undisputed material facts demonstrate that Plaintiff cannot present a *prima facie* case of discrimination under Title VII or Section 1981 because she cannot demonstrate that she was qualified for tenure or that similarly situated faculty members outside of her protected class were treated more favorably. Even assuming Plaintiff could present a *prima facie* case of discrimination, Defendants have articulated legitimate non-discriminatory reasons for denying Plaintiff's tenure application, including deficiencies identified by her peers in the areas of teaching, research, and service, and Plaintiff's outright refusal to adopt recommendations on how to improve. The record is replete with evidence demonstrating that at every step of the multi-level tenure review – during which Plaintiff availed herself of all the procedural protections built into the process – faculty peers engaged in a careful evaluation of Plaintiff's application for tenure and promotion, and determined that although Plaintiff possessed many strengths and achievements, her "very good" record fell short of the "excellent" qualifications required for tenure. Plaintiff cannot present evidence that the Defendants' legitimate reasons are a pretext for discrimination, and therefore, her discrimination claims fail as a matter of law.

4. The undisputed material facts also show that Plaintiff cannot demonstrated a case for retaliation under Title VII or 42 U.S.C. §1981 because there is no evidence Plaintiff's complaints of discrimination were the "but for" cause of her tenure denial. Rather, Plaintiff's tenure evaluation was subjected to multiple levels of careful review by 30 different faculty members, including Dr. Ghanem, who articulated numerous non-retaliatory reasons in support of the tenure decision, and who, in the same tenure cycle as Plaintiff, also granted tenure to another faculty member who complained of discrimination.

5. Finally, the undisputed material facts demonstrate that Plaintiff cannot demonstrate that DePaul breached its Faculty Handbook when it denied her tenure. It is undisputed that tenure is not guaranteed at DePaul, and is only granted when, in the academic judgment of peer faculty, there is "no reasonable doubt about the faculty member's demonstrated qualifications and continued capacity to contribute to DePaul's distinctive goals and academic mission."

6. The bases for the Defendants' motion are set forth more fully in the accompanying Statement of Undisputed Facts and the accompanying Memorandum of Law in Support of Defendants' Combined Motion for Summary Judgment which is incorporated here by reference.

WHEREFORE, Defendants respectfully request that this Court enter an Order granting summary judgment in its favor and against Plaintiff, and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: November 19, 2021

                Respectfully submitted,

By: */s/ Anneliese Wermuth*
      Attorney for Defendants, Salma Ghanem andDePaul University

Anneliese Wermuth (#6270970)
Nandini K. Sane
Cozen O'Connor
123 N. Wacker Drive, Ste. 1800
Chicago, IL 60606
Telephone: 312/474-7876
Email: awermuth@cozen.com
Email: nsane@cozen.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 19, 2021, she electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the ECF system, which will send notification of such filing to the following counsel of record:

>Fitzgerald T. Bramwell
>Law Offices of Fitzgerald Bramwell
>225 West Washington Street, Ste. 2200
>Chicago, IL 60606
>bramwell@fitzgeraldbramwell.com

>s/ *Anneliese Wermuth*
>Anneliese Wermuth